# UNITED STATES DISTRICT COURT

for the

*Northen* District of *Iowa*

_____ Division

| | |
|---|---|
| Kyle Owens | ) Case No. _____ |
| | ) *(to be filled in by the Clerk's Office)* |
| | ) |
| *Plaintiff(s)* | ) |
| *(Write the full name of each plaintiff who is filing this complaint. If the names of all the plaintiffs cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) Jury Trial: *(check one)* ☐ Yes ☑ No |
| -v- | ) |
| Thomas Beneke, Iowa Central Community College | ) |
| | ) |
| *Defendant(s)* | ) |
| *(Write the full name of each defendant who is being sued. If the names of all the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names.)* | ) |

## COMPLAINT FOR A CIVIL CASE

### I. The Parties to This Complaint

#### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | Kyle Lee Owens |
| Street Address | 522 Sadie St. APT. 8 |
| City and County | Laurens; Pocahontas |
| State and Zip Code | Iowa; 50554 |
| Telephone Number | (815) 324-2422 |
| E-mail Address | GameMasterUltimate2000@Gmail.com |

#### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. For an individual defendant, include the person's job or title *(if known)*. Attach additional pages if needed.

Case 3:26-cv-03002-LTS-KEM     Document 1-1     Filed 01/07/26     Page 1 of 19

Defendant No. 1

|  |  |
|---|---|
| Name | Thomas Beneke |
| Job or Title *(if known)* | Vice President Student Services (Iowa Central) |
| Street Address | 8857 Twin Lakes Rd |
| City and County | Manson; Calhoun |
| State and Zip Code | Iowa; 50563 |
| Telephone Number | (515) 574-1050 |
| E-mail Address *(if known)* | beneke@iowacentral.edu |

Defendant No. 2

|  |  |
|---|---|
| Name | Iowa Central Community College |
| Job or Title *(if known)* | Public College |
| Street Address | One Triton Circle |
| City and County | Fort Dodge; Webster |
| State and Zip Code | Iowa; 50501 |
| Telephone Number | (800) 362-2793 |
| E-mail Address *(if known)* | |

Defendant No. 3

|  |  |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

Defendant No. 4

|  |  |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Street Address | |
| City and County | |
| State and Zip Code | |
| Telephone Number | |
| E-mail Address *(if known)* | |

## II.    Basis for Jurisdiction

Federal courts are courts of limited jurisdiction (limited power).  Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation and the amount at stake is more than $75,000 is a diversity of citizenship case.  In a diversity of citizenship case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal court jurisdiction? *(check all that apply)*

[✔] Federal question          [ ] Diversity of citizenship

Fill out the paragraphs in this section that apply to this case.

### A.    If the Basis for Jurisdiction Is a Federal Question

List the specific federal statutes, federal treaties, and/or provisions of the United States Constitution that are at issue in this case.

42 U.S.C. §§ 12131–12165, 29 U.S.C. § 794, 42 U.S.C. §§ 3601–3619, 42 U.S.C. § 1983
14th Amendment, 1st Amendment
28 U.S.C. § 1331, 28 U.S.C. § 1343(a)(3), 42 U.S.C. § 1988
42 U.S.C. § 2000d

### B.    If the Basis for Jurisdiction Is Diversity of Citizenship

1.    The Plaintiff(s)

a.    If the plaintiff is an individual

The plaintiff, *(name)* _____ , is a citizen of the State of *(name)* _____ .

b.    If the plaintiff is a corporation

The plaintiff, *(name)* _____ , is incorporated under the laws of the State of *(name)* _____ , and has its principal place of business in the State of *(name)*

_____ .

*(If more than one plaintiff is named in the complaint, attach an additional page providing the same information for each additional plaintiff.)*

2.    The Defendant(s)

a.    If the defendant is an individual

The defendant, *(name)* _____ , is a citizen of the State of *(name)* _____ . Or is a citizen of *(foreign nation)* _____ .

b.  If the defendant is a corporation

The defendant, *(name)* _____, is incorporated under the laws of the State of *(name)* _____, and has its principal place of business in the State of *(name)* _____ .

Or is incorporated under the laws of *(foreign nation)* _____,
and has its principal place of business in *(name)* _____ .

*(If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.)*

3.  The Amount in Controversy

The amount in controversy–the amount the plaintiff claims the defendant owes or the amount at stake–is more than $75,000, not counting interest and costs of court, because *(explain)*:

---

## III.  Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.
SEE ATTACHED "STATEMENT OF CLAIM"

---

## IV.  Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order. Do not make legal arguments. Include any basis for claiming that the wrongs alleged are continuing at the present time. Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts. Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.
SEE ATTACHED "RELIEF"

Case 3:26-cv-03002-LTS-KEM   Document 1-1   Filed 01/07/26   Page 4 of 19

# Statement of Claim

## 1. Parties and Background

Plaintiff Kyle Owens is an adult individual with a documented psychiatric disability, receiving Social Security disability benefits. At all times relevant, Plaintiff was a student enrolled at Iowa Central Community College ("ICCC") and resided in ICCC campus housing. Plaintiff possesses a fully qualified psychiatric service animal ("PSA"), previously prescribed as an emotional support animal (ESA), and reclassified by a licensed attorney as a psychiatric service animal in accordance with the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

Defendants are ICCC and its administrative employees, including but not limited to Thomas Beneke, and the Housing Director, who acted under color of law and authority granted by a publicly funded educational institution.

---

## 2. Jurisdictional and Statutory Basis

This action arises under:

- Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. – prohibiting discrimination against qualified individuals with disabilities in programs or activities of public entities.
- ADA Retaliation Provision, 42 U.S.C. § 12203(a)-(b) – protecting individuals from retaliation for asserting rights under the ADA.
- Rehabilitation Act of 1973, 29 U.S.C. § 794 – prohibiting disability discrimination in federally funded programs.
- Fair Housing Act, 42 U.S.C. § 3601 et seq. – prohibiting discrimination in housing, including denial of reasonable accommodations to persons with disabilities.
- Section 504 regulations, 34 C.F.R. § 104.44 – requiring reasonable accommodations in housing programs receiving federal assistance.

Venue is proper in the Northern District of Iowa, as the events giving rise to this claim occurred in Webster County, Iowa.

---

## 3. Factual Allegations

### a. Initial Accommodation Approval

1. Plaintiff submitted extensive documentation establishing disability and need for a service animal, including medical records, SSA verification, attorney letter confirming PSA status, and prior ESA documentation.
2. ICCC, through its ADA/Accommodations Office, approved Plaintiff's request for housing suitable for his disability and PSA, after conducting a phone interview and reviewing the documentation.
3. Plaintiff was initially to be placed in advertised apartment-style housing suitable for a disabled student with a service animal.

b. Denial of Reasonable Accommodation

4. Upon arrival in January 2024, Plaintiff was placed in a small dorm-style room not suitable for the PSA or Plaintiff's disability-related needs, contrary to both the approved accommodation and advertised housing.

5. Defendants then attempted to impose an unwritten requirement that Plaintiff's PSA be caged, despite the lease only requiring caging if a roommate was present. Plaintiff had no roommate; this restriction was arbitrary and discriminatory.

6. These actions constitute a violation of 42 U.S.C. § 12132 (ADA Title II), 29 U.S.C. § 794 (Rehabilitation Act), and 42 U.S.C. § 3604(f)(3)(B) (Fair Housing Act), as they denied Plaintiff equal access to campus housing and reasonable accommodation.

c. Retaliation and Harassment

7. Plaintiff reported drug use, smoking, and excessive noise by a neighboring student immediately upon moving in.

8. Defendants responded with:

- Accusations that Plaintiff was lying;
- False allegations of misconduct by Plaintiff's PSA, including supposed barking at security staff;
- Threats of room entry without notice or Plaintiff's presence, violating both lease contract and Fourth Amendment principles;
- Demands for caging the PSA despite no roommate being present.
9. These acts constitute retaliation under 42 U.S.C. § 12203 and interfere with Plaintiff's federally protected rights.

d. Constructive Eviction and Harm

10. Plaintiff reasonably feared imminent forced removal from campus housing and secured off-campus housing on February 1, 2024.

11. The sudden relocation resulted in financial hardship, emotional distress, and exposure to additional unsafe housing conditions.

12. ICCC refunded a portion of housing fees, implicitly acknowledging mishandling.

e. Continued Discrimination and Retaliation

13. In Fall 2024/Spring 2025, Plaintiff sought return to campus housing in Honor Roll housing, which allows apartment-style accommodations for high-performing students.

14. ICCC delayed, provided excuses, and ultimately denied Plaintiff return, despite prior approval of both accommodation and PSA.

15. This denial constitutes continuing retaliation and refreshes the harm within the timeframe applicable under the Iowa Civil Rights Commission and federal statutes.

---

4. Legal Claims

Claim 1 – Violation of the Americans with Disabilities Act (42 U.S.C. § 12132, § 12203)

16. Plaintiff is a qualified individual with a disability under the ADA.

17. Defendants' actions denied Plaintiff equal access to housing and retaliated against him for asserting rights under the ADA, in violation of Title II.

18. See *Tennessee v. Lane*, 541 U.S. 509 (2004) – public entities must provide reasonable accommodations to disabled individuals in programs and services.

19. See *U.S. v. Georgia*, 546 U.S. 151 (2006) – public entities are liable for discriminatory denial of access to programs.

Claim 2 – Violation of Section 504 of the Rehabilitation Act (29 U.S.C. § 794)

20. ICCC receives federal financial assistance.

21. Defendants' failure to provide housing accommodation and retaliatory conduct constitutes discrimination under Section 504.

22. See *Alexander v. Choate*, 469 U.S. 287 (1985) – intentional discrimination includes denial of meaningful access to services.

Claim 3 – Violation of Fair Housing Act (42 U.S.C. § 3604(f)(3)(B))

23. Defendants' conduct included refusal of reasonable accommodation in housing, retaliatory denial of housing access, and imposition of arbitrary rules affecting a disabled individual.

24. See *U.S. v. Cal. Mobile Home Park Mgmt.*, 734 F.2d 1008 (9th Cir. 1984) – failure to provide reasonable accommodation constitutes actionable discrimination.

Claim 4 – Retaliation

25. Defendants acted to punish Plaintiff for reporting unsafe and illegal activity, asserting ADA and FHA rights.

26. These acts violate 42 U.S.C. § 12203(a)-(b) and 42 U.S.C. § 3617 (FHA retaliation protection).

---

5. Damages

Plaintiff has suffered:

- Emotional distress;
- Loss of housing and forced relocation;
- Financial costs associated with emergency housing;
- Hostile educational environment;
- Denial of federally protected accommodations;
- Ongoing retaliation affecting educational opportunities.

Plaintiff seeks compensatory and punitive damages, attorney fees, costs, declaratory relief, and injunctive relief as authorized under the ADA, Rehabilitation Act, and Fair Housing Act, in a financial restitutional sum of no less than $250,000.

# Relief

Plaintiff Kyle Owens respectfully requests that this Court grant the following relief against Defendants Iowa Central Community College, Thomas Benke, and its agents:

1. Compensatory Damages

- Award compensatory damages for financial losses incurred due to forced relocation from campus housing, including emergency off-campus housing costs, fees, and associated expenses.
- Award compensatory damages for emotional distress, mental anguish, and suffering resulting from Defendants' discriminatory and retaliatory actions.

2. Punitive Damages

- Award punitive damages to deter Defendants and similarly situated entities from future discriminatory, retaliatory, and unlawful conduct.
- Plaintiff requests punitive damages consistent with the severity, willfulness, and intent of Defendants' violations under:
    - 42 U.S.C. § 12203 (ADA retaliation)
    - 42 U.S.C. § 3613(c) (FHA retaliation)

Plaintiff claims no less than $250,000 in the total amount of compensatory and punitive damages.

3. Declaratory Relief

- Declare that Defendants' actions violated the Americans with Disabilities Act (42 U.S.C. § 12101 et seq.), Section 504 of the Rehabilitation Act (29 U.S.C. § 794), and the Fair Housing Act (42 U.S.C. § 3601 et seq.).
- Declare that Defendants' conduct constitutes unlawful retaliation for asserting rights under federal disability and housing protections.

4. Injunctive Relief

- Enjoin Defendants from imposing arbitrary rules restricting service animals contrary to approved accommodations.
- Enjoin Defendants from retaliating against Plaintiff or any similarly situated disabled students.
- Require Defendants to revise housing policies and provide training to staff regarding disability accommodations, service animals, and retaliation.
- Mandate defendants provide housing opportunities for disabled students, including those with service animals and emotional support animals, in the apartment style "Honors Housing," also court ordering defendant to accommodate non-traditional students not coming from high school as high

school honor roll students, but also college transfers and new student enrollment of students who gain college honor roll status as eligible for honors housing, including for reasonable accommodations in that housing.

5. Attorney Fees and Costs

- Award Plaintiff all reasonable attorney fees, costs, and expenses incurred in pursuing this action pursuant to:
  - 42 U.S.C. § 12205 (ADA)
  - 42 U.S.C. § 3613(c) (FHA)
  - 29 U.S.C. § 794a(b) (Section 504)
- ***Note my hourly rate as pro se is $30 per book hour, and is included in the compensatory and punitive damages amount of no less than $250,000

6. Any Other Relief

- Grant any other relief the Court deems just, proper, or equitable to ensure full redress for Plaintiff's injuries and prevent future violations.

# Additional Relief Request

I'm seeking additional, in addition to the attached "RELIEF" form.

Specifically, the additional relief I am seeking, is a court order for warrant arrest of Thomas Beneke, as well as court order for federal felony charges against Iowa Central Community College (as an entity). The actions exhibited expound beyond a civil matter, into several federal criminal acts, and I am asking this court for federal criminal charges on defendants, in addition to the civil remedies.

# COMPLAINANT INFORMATION

Name: Kyle Owens
Status: Disabled individual; former student and campus housing resident
Institution Involved: Iowa Central Community College (ICCC)
Primary Individuals Implicated: Iowa Central Community College officials and employees, including housing and administrative staff (including, but not limited to, Thomas Beneke)

# PURPOSE OF THIS REPORT

This report is submitted as a formal criminal referral and request for investigation into Iowa Central Community College and certain of its officials and employees for potential violations of federal criminal civil rights statutes, fraud statutes, obstruction statutes, and conspiracy statutes. I am seeking and requesting federal criminal charges.

The conduct described below involves:

- Abuse of authority by publicly funded institutional actors;
- Willful deprivation of federally protected rights under color of law;
- Retaliatory discrimination against a disabled individual;
- False statements and misrepresentations made to federal programs and investigators;
- Obstruction and concealment of material facts; and
- Coordinated actions suggesting conspiracy to deprive civil rights.

# FACTUAL SUMMARY (OVERVIEW)

Iowa Central Community College is a publicly funded educational institution, and its employees act under color of state law.

Between late 2023 and Fall 2024, ICCC officials engaged in a pattern of conduct involving:

- Approval of a disability-related housing accommodation;
- Subsequent denial of that accommodation without lawful basis;
- Imposition of unwritten and retaliatory restrictions on a psychiatric service animal;
- Retaliation following reports of drug use and disturbances in campus housing;
- Constructive eviction from campus housing;

- Later refusal to allow return to on-campus and honor roll housing with accommodation;
- Misrepresentations regarding housing policies, lease terms, and accommodation requirements; and
- Conduct that appears calculated to chill reporting, suppress complaints, and remove a disabled student from campus housing.

This conduct resulted in loss of housing, deprivation of federally protected rights, emotional distress, financial harm, and ongoing legal consequences.

# DETAILED STATEMENT OF FACTS

## 1. Approved Disability Accommodation and Housing Contract

- I transferred to ICCC in late 2023.
- I submitted extensive disability documentation, including SSA disability status and legal verification that my dog met ADA standards as a psychiatric service animal.
- ICCC's ADA/Accommodation office approved my service animal and housing accommodation following review and a phone interview.
- ICCC advertised apartment-style housing suitable for disabled students.

## 2. Denial of Advertised and Approved Accommodation

- Despite approval, ICCC placed me in a small dorm-style room unsuitable for my disability or service animal.
- This placement contradicted both the advertised housing and the purpose of the approved accommodation.

## 3. Retaliation Following Protected Activity

- Within days of moving in (January 2024), I reported:
    - Drug use;
    - Smoking inside dorms;
    - Loud and disruptive behavior throughout the night.
- Immediately after these reports:
    - Housing officials accused me of lying;
    - My service animal was falsely accused of misconduct;

- Officials demanded I cage my service animal, despite the written lease only requiring crating if a roommate was present (I had none);
- Officials claimed authority to enter my room without notice or my presence, contrary to the lease.

## 4. Constructive Eviction and Forced Off-Campus Housing

- The tone, threats, false accusations, and policy fabrications created a reasonable fear of forced removal.
- I vacated campus housing on February 1, 2024, after approximately 14 days, to protect my safety and wellbeing.
- ICCC later refunded FAFSA housing funds, implicitly acknowledging fault.

## 5. Renewed Retaliation and Continued Discrimination (Fall 2024)

- In Fall 2024, I requested to return to campus in Honor Roll housing, for which I qualified.
- ICCC delayed, deflected, and ultimately denied housing with my service animal—despite having approved the same accommodation previously.
- This denial constituted renewed retaliation and continuation of the original discriminatory conduct.

---

## POTENTIAL FEDERAL CRIMINAL VIOLATIONS

## 1. Deprivation of Rights Under Color of Law

18 U.S.C. § 242

ICCC officials, acting under color of state law, willfully deprived me of rights secured by the Constitution and federal law, including:

- ADA and Fair Housing Act protections;
- Right to reasonable accommodation;
- Right to be free from retaliation for protected activity.

The conduct was intentional, retaliatory, and coercive.

---

## 2. Conspiracy Against Rights

18 U.S.C. § 241

Multiple ICCC officials acted in concert to:

- Fabricate justifications;
- Enforce unwritten rules;
- Intimidate and pressure me out of housing;
- Prevent effective reporting.

These coordinated acts support an inference of conspiracy to deprive civil rights.

---

## 3. Criminal Interference With Fair Housing Rights

42 U.S.C. § 3631

ICCC officials used intimidation, coercion, and retaliation to interfere with my housing rights based on disability, including:

- Denial of accessible housing;
- Retaliatory housing exclusion;
- Threats affecting continued occupancy.

---

## 4. False Statements and Concealment

18 U.S.C. § 1001

ICCC officials made materially false statements and omissions to:

- Federal financial aid programs;
- Investigators and oversight bodies;
- Civil rights agencies.

These include mischaracterizing my housing status, accommodation compliance, and reasons for removal.

---

## 5. Obstruction of Proceedings and Agency Functions

18 U.S.C. § 1505

Actions by ICCC officials impeded lawful inquiry by:

- Providing misleading narratives;
- Withholding relevant information;
- Retaliating against a complainant to chill investigation.

---

## 6. Federal Fraud and Program Misrepresentation

Potential violations include:

- Fraud involving federal student aid funds;
- Misrepresentation of housing compliance tied to federally funded programs;
- Obtaining or retaining federal funds while knowingly violating ADA/FHA requirements.

Relevant statutes may include 18 U.S.C. §§ 371 (Conspiracy), 1341/1343 (Fraud), and related provisions, subject to investigation.

---

## 7. Federal Analog to Misconduct in Office

While "misconduct in office" is a state offense, the federal analogs include:

- Abuse of authority under color of law (18 U.S.C. § 242);
- Honest services fraud (18 U.S.C. § 1346), where applicable;
- Conspiracy and obstruction statutes.

The misuse of public office to retaliate against a disabled individual squarely implicates these federal interests.

---

## EVIDENCE AVAILABLE

I possess and can provide:

- Evidence showing I was both housed and approved for housing;
- Emails and written communications;
- Accommodation approval documentation;
- Timeline records;
- Refund and financial records;

- Agency filings and correspondence.

## REQUEST FOR ACTION

I respectfully request:

1. Open a formal criminal investigation;
2. Preserve relevant records from Iowa Central Community College;
3. Interview involved officials and witnesses;
4. Evaluate civil rights, fraud, obstruction, and conspiracy violations;
5. Take appropriate enforcement action.
6. Take into strong consideration my intent, interest, and will to seek federal criminal charges

## DECLARATION

I declare under penalty of perjury that the information provided herein is true and correct to the best of my knowledge and belief.

Submitted by:
Kyle Owens
12/17/2025

## V. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 12/30/2025

Signature of Plaintiff

Printed Name of Plaintiff    Kyle Owens

### B. For Attorneys

Date of signing:

Signature of Attorney

Printed Name of Attorney

Bar Number

Name of Law Firm

Street Address

State and Zip Code

Telephone Number

E-mail Address

FROM:

Kyle Owens
522 Sadie St. Apt. 8
Laurens, IA. 50554

12.30.25
GB

TO:

U.S. District Court
Northern District of Iowa
111 Seventh Ave. S.E.
Cedar Rapids, IA. 52401

XRAYED US MARSHALS SERVICE

**UNITED STATES POSTAL SERVICE.** **Click-N-Ship®**

9434 6301 0935 5108 2216 31 0075 9001 0905 2401

usps.com
$7.59
US POSTAGE

**G**

12/30/2025
1 lb 8 oz

U.S. POSTAGE PAID

Mailed from 50554   1879491782205159

Created 2025-12-30

**RDC 01**

**C002**

**USPS GROUND ADVANTAGE™**

KYLE L OWENS
APT 8
522 SADIE ST
LAURENS IA 50554-1553

U.S. DISTRICT COURT NORTHERN DISTRICT
111 7TH AVE SE
CEDAR RAPIDS IA 52401-2101

USPS TRACKING #

9434 6301 0935 5108 2216 31

Utility Mailer
10 1/2" x 16"

Ready Post.